**SIGNED this 14th day of March, 2016**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: ) | |
| ) | |
| **Jin Xiu Liu** ) | No. 1:12-bk-14316-SDR |
| ) | **Chapter 7** |
| **Debtor** ) | |
| ─────────────────────) | |
| ) | |
| **Anthony Lucas** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Adv. No. 1:13-ap-1128-SDR |
| ) | |
| **Jin Xiu Liu** ) | |
| ) | |
| **Defendant** ) | |

## Memorandum Opinion

This case is before the court on the plaintiff's motion to alter, amend, or reconsider the court's prior order awarding the defendant attorney's fees arising from the plaintiff's failure to

comply with the court's discovery orders. (Doc. No. 179). The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(J). For the reasons stated below, the court will deny the plaintiff's motion.

## I. Background Facts and Procedural History

This case, which was filed in 2013, has had a lengthy discovery process, and the court has presided over a number of discovery disputes. The court's decision to award attorney's fees to the defendant arose from the plaintiff's failure to comply with the court's discovery orders instructing him to provide complete responses with supporting documentation to the defendant's interrogatories and to provide those responses in a manner that identifies which documents are responsive to which interrogatories.

On May 11, 2015, the court entered an order granting the defendant's first motion to compel the plaintiff to provide responses to outstanding discovery requests. (Doc. No. 81). The court ordered the plaintiff to provide specific answers and responses to each interrogatory and request for production and warned him that failure to comply with the court's order "may result in sanctions, including an award of attorneys' fees and expenses and/or striking the pleadings." *Id.*

The plaintiff provided some responses to the defendant's interrogatories; however, the defendant found the plaintiff's responses insufficient and on June 16, 2015, she filed a second motion to compel the plaintiff to respond fully to her discovery requests. (Doc. No. 89). The court conducted a lengthy hearing on September 9, 2016, at which it went through the interrogatories item-by-item and, finding the plaintiff's responses to be inadequate, instructed the plaintiff to supplement his answers in very specific ways and to produce any and all documents

supporting his responses.[1] On September 14, 2015, the court entered an order memorializing its instructions to the parties and specifically directing the plaintiff to provide "a detailed response which answers [each] interrogatory completely and with specificity." (Doc. No. 128). At that time, the court declined the defendant's request for sanctions but again warned the plaintiff that failure to comply with the court's discovery order may result in sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) including, but not limited to, striking the pleadings, directing that certain facts be taken as established, prohibiting the introduction of certain evidence at trial, or dismissing the action entirely.

The plaintiff again did not fully comply with the court's discovery order, and the defendant filed a motion for sanctions on November 13, 2015, seeking dismissal of the adversary proceeding as well as an award of attorney's fees and costs. (Doc. No. 152). As attachments to her motion, the defendant included the plaintiff's supplemental interrogatory responses as well as documentation of her attorney's efforts to obtain satisfactory responses and documents from the plaintiff.

The court held a hearing on the motion for sanctions on February 2, 2016, at which it reviewed the plaintiff's discovery responses and heard arguments from the parties.[2] The court found that the plaintiff had not complied with its prior discovery order by failing to respond fully

---

[1] At the same hearing, the court also heard the plaintiff's amended motion to compel and instructed the defendant to supplement her responses to interrogatories. Because the defendant's actions are not at issue in the instant matter, the court will not focus on those portions of its discovery orders pertaining to the defendant.

[2] The court also heard, and granted, the defendant's motion to quash an improper subpoena *duces tecum* after the plaintiff had unilaterally scheduled a deposition of the defendant on short notice and without properly serving the subpoena or noticing her attorney.

and completely to the defendant's interrogatories, by failing to produce all of the documents supporting his responses, and by failing to specify which documents were responsive to which interrogatory responses. The court entered an order on February 4, 2016, granting in part and denying in part the defendant's motion for sanctions. (Doc. No. 173). Specifically, the court denied the defendant's request to dismiss the adversary proceeding entirely but granted the defendant's request for attorney's fees pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). The court instructed the defendant to submit an itemization of her reasonable fees and expenses associated with prosecuting her motion for sanctions. The court also required both parties to file all discovery with the clerk of the court.

On February 8, 2016, the defendant's attorney filed an affidavit and itemization of her fees and expenses for pursuing the motion for sanctions totaling $2,314.58 in fees and $110.70 in mileage expenses. (Doc. No. 178). The plaintiff did not object to the affidavit and itemization of fees and expenses but instead filed the instant motion on February 12, 2016, requesting the court to alter, amend, or reconsider its award of attorney's fees pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure and Rules 59(a) and 60(b) of the Federal Rules of Civil Procedure. (Doc. No. 179). The defendant filed a reply on March 3, 2016 (Doc. No. 184), and the plaintiff filed a response on March 9, 2016. (Doc. No. 188).

The court has considered the motion to alter, amend, or reconsider its prior order awarding sanctions and has determined that the motion will be denied for the reasons stated below.

## II. Standard of Review

The plaintiff filed his motion to alter, amend, or reconsider pursuant to Rule 59(a) and

4

Rule 60(b) of the Federal Rules of Civil Procedure. However, as noted by the defendant, these rules are not the proper vehicle for the relief the plaintiff seeks. Rule 59(a) provides for a new trial and Rule 60(b) provides for relief from a final judgment. The court's order granting sanctions for a violation of a discovery order is interlocutory in nature because it does not dispose of the case in its entirety. Although the Federal Rules of Civil Procedure do not specifically address reconsideration of interlocutory orders, the Sixth Circuit has explained that a district court has authority under the common law as well as Rule 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."[3] *Rodriguez v. Tenn. Laborers Health and Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). A district court "may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). The standard for determining whether to reconsider an interlocutory order is whether there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 Fed. Appx. at 959 (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

### III.  Analysis

The plaintiff's motion to reconsider does not assert that there has been an intervening change in controlling law or that there is newly discovered evidence. In his reply brief, the plaintiff asserts that the court applied an erroneous legal standard. (Doc. No. 188, at 2). The plaintiff contends that an award of attorney's fees is not warranted because his actions do not demonstrate "intentional discovery abuse" and his "prior responses to defendant's written

---

[3] Rule 54(b) is made applicable to bankruptcy proceedings by Rule 7054 of the Federal Rules of Bankruptcy Procedure.

discovery do not in any way evidence bad faith, actionable delay, or any effort mislead [*sic*]." (Doc. No. 179).

Federal Rule of Civil Procedure 37(b)(2)(C), applicable to the bankruptcy courts by Federal Bankruptcy Rule of Procedure 7037, provides that, if a party fails to obey a court's discovery order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also Bell v. Ameritech Sickness and Accident Disability Benefit Plan*, 399 Fed. Appx. 991, 996 (6th Cir. 2010). Such language is mandatory and requires the prescribed sanction "unless there is a showing of justification or other extenuating circumstances." *Mafcote, Inc. v. Fed. Ins. Co.*, 2010 WL 1929900, at *6 (W.D. Ky. 2010). The Sixth Circuit has explained that a party's actions are "substantially justified" under Rule 37 if "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (citing *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)).

Here, the plaintiff failed to comply with the court's prior discovery orders and has not provided substantial justification for doing so. As set out above, the court has previously entered two orders on motions to compel directing the plaintiff to provide complete, fully responsive answers to discovery requests along with any and all supporting documentation. In both orders, the court warned the plaintiff of possible sanctions, up to and including dismissal of his case, if he failed to comply with the court's directives. The court also directed the plaintiff in a similar manner orally from the bench. Nevertheless, the plaintiff failed to comply with the court's

discovery orders by providing unresponsive, evasive answers to interrogatories; failing to provide supporting documentation; and failing to explain with specificity which documents that he provided corresponded to which discovery requests. When questioned, the plaintiff could not provide a satisfactory explanation for his behavior. The plaintiff's obstinance in cooperating with court-ordered discovery led the court to take the unusual step of requiring the parties to file all discovery with the clerk of the court in an effort to head off future disputes.

Notwithstanding the plaintiff's failure to comply with the court's orders, the court declined in two instances to sanction him. The defendant requested sanctions following both motions to compel (Doc. Nos. 64, 89); however, the court, attempting to give a pro se litigant the benefit of the doubt, denied both requests. It was not until the third time that the plaintiff was haled into court for the same reason, that the court implemented sanctions. Even still, the court did not dismiss the plaintiff's case as requested by the defendant, but only awarded attorney's fees.

In his response to the defendant's reply brief, the plaintiff cites the case of *Universal Health Group v. Allstate Insurance Co.,* 703 F.3d 953 (6th Cir. 2013), in support of his contention that the court applied the wrong legal standard. In that case, the Sixth Circuit upheld a district court's sanction of dismissal for a party's willful and repeated violations of the court's discovery orders. The Court noted that it considered four factors when reviewing a district court's decision to dismiss a case pursuant to Fed. R. Civ. P. 37(b)(2)(A): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or

considered before dismissal was ordered." *Id.* at 956 (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).

The plaintiff urges that his actions fail to meet this standard. However, a plain reading of *Universal Health Group* demonstrates that it concerns the more drastic sanction of dismissal under Fed. R. Civ. P. 37(b)(2)(A) rather than the sanction of attorney's fees provided under Fed. R. Civ. P. 37(b)(2)(C). Accordingly, the court finds that it did not apply an incorrect legal standard in sanctioning the plaintiff. Further, contrary to the plaintiff's assertions, the court did warn him of the potential of sanctions and in fact imposed less drastic sanctions than possible. Mr. Lucas has repeatedly commented about "what he will show the court at trial" as his reason for not complying with the court's discovery orders. Such comments show a fundamental misunderstanding of the discovery process.

It is well within the court's discretionary authority to impose sanctions on a party who refuses to comply with its orders. The plaintiff has not demonstrated a substantial justification for failing to comply with the court's orders. Nor has he met his burden for showing the court that it should alter, amend, or reconsider its prior order sanctioning him. Accordingly, the court finds no basis for reconsidering its prior ruling and will enter a separate order denying the plaintiff's motion to reconsider.

# # #